'LERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JUN 30 2009

JOHN E. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

|  |  |
|---|---|
| PENTECH FINANCIAL SERVICES, INC., | CIVIL No. 6:09cv00004 |
| *Plaintiff,* |  |
| v. | MEMORANDUM OPINION |
| OLD DOMINION SAW WORKS, INC., ET AL., |  |
| *Defendants.* | JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's motion for default judgment [docket no. 6]. "Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails to plead or otherwise defend in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (quotations omitted). Although the clear policy of the Rules is to encourage dispositions of claims on their merits, entry of default judgment is committed to the discretion of the court. *See Moradi*, 673 F.2d at 727 (citing *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)).

The Court has examined the pleadings, the service of process, and the rest of the record in this case. The Plaintiff filed its Complaint on January 14, 2009, and served all of the Defendants with process on January 29, 2009. The Defendants had until February 18, 2009 to answer or otherwise respond to the Complaint. To date, none of the Defendants have appeared, answered the Complaint, or otherwise defended this action. Therefore, the Defendants are in default.

Upon default judgment, Plaintiff's factual allegations are accepted as true for all purposes excluding determination of damages. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778,

780 (4th Cir.2001) ("default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover").

The Plaintiff alleged in its Complaint that Defendant Old Dominion Saw Works, Inc. ("Old Dominion") executed an Equipment Lease Agreement (the "Agreement") with Capital Network Leasing Corp. for a certain knife grinder (the "Equipment"). Defendant Robert Irvine was a guarantor of Old Dominion's obligations under the Agreement. Capital Network Leasing Corp. subsequently assigned the Agreement to Pentech. Under the Agreement, Old Dominion was required to make an advance payment of $5,504.37 and 60 monthly payments of $1,834.79. Old Dominion breached the Agreement by failing to make the required payments to Pentech. Irvine has also defaulted under the Guarantee by failing to pay Old Dominion's obligations. Prior to bringing this suit, Pentech demanded payment of the total unpaid and future rents from Old Dominion, but Old Dominion has failed to make any further payments. Pentech also demanded the return of the Equipment from Old Dominion, but Old Dominion has refused to do so and currently maintains possession of the Equipment.

The Agreement provides that in the event of Old Dominion's default, Pentech would have the option of one or more of the following remedies applicable here: (1) to repossess the Equipment and retain, sell or otherwise dispose of it; (2) if repossession is not possible, to recover a "Stipulated Loss Value" as liquidated damages, which equals all unpaid rent, charges, and interest plus all other amounts to be paid pursuant to the Agreement, such as future rents; (3) if repossession is possible and Pentech retains the Equipment rather than sells it, to recover the Stipulated Loss Value; (4) to sue for rents due under the Agreement as they accrue; and (5) to exercise any other right or remedy provided by law. The Agreement provides that these remedies are intended to be cumulative and not exclusive of one another. The Agreement also

-2-

provides that the Defendants shall pay Pentech's expenses and attorneys' fees incurred in the enforcement and collection of claims under the Agreement.

Taking the factual allegations in Plaintiff's Complaint as true, the Court finds that Old Dominion breached its Agreement with the Plaintiff, and that Defendant Robert Irvine is liable for Old Dominion's debt as a guarantor. Given that Plaintiff's well-pleaded complaint establishes the Defendants' liability, and that the Defendants have been entirely unresponsive in this case, default judgment is appropriate. *See, e.g., Essex v. Randall*, 2005 WL 600335, *4 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). Accordingly, Plaintiff's motion for default judgment will be granted.

The Plaintiff seeks $78,036.96 in damages, representing the amount still due to Pentech under the Agreement, as well as costs, attorney's fees and interest. Rule 55(b) of the Federal Rules of Civil Procedure allows a court to enter judgment against a defendant who has defaulted, if the judgment is for a sum certain and is shown by affidavit by the Plaintiff. Fed. R. Civ. P. 55(b)(1); *see also Anderson v. Foundation for Advancement, Educ. and Employment of American Indians,* 155 F.3d 500, 507 (4th Cir.1998) (in some circumstances, a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing).

The Plaintiff has submitted an affidavit of Pentech's Chief Operating Officer, which states that the allegations in the Complaint are true and that the amount claimed in damages is based on Pentech's books and records maintained in the regular course of business. The affidavit states that Pentech has suffered $78,036.96 in damages, which includes unpaid lease payments, late charges, and charges for payments returned for insufficient funds. Attached to the affidavit were printouts from Plaintiff's electronic records showing Old Dominion's payment history and

-3-

the amounts still owed. The Plaintiff has also submitted an affidavit of Jeremy Friedberg, counsel for Plaintiff, stating that it has expended $4,070.50 in attorneys' fees and $619.15 in costs, and that such fees and costs are reasonable under the circumstances of this case. The affidavit includes counsel's itemized billing invoices to the Plaintiff. None of the Plaintiff's evidence as to damages has been contradicted.

Therefore, the Plaintiff has provided sufficient evidence to establish that it is entitled to $78,036.96 in damages, $4,070.50 in attorneys' fees, and $619.15 in costs. Under these circumstances, there is no need to convene a formal evidentiary hearing on the issue of damages. *See, e.g., DIRECTV, Inc. v. Yancey*, 2005 WL 3435030, *2 (W.D.Va. 2005) (citing *Frame v. S-H, Inc.*, 967 F.2d 194, 204 (5th Cir.1992)). A judgment in that amount, plus post judgment interest accruing at the legal rate, will be entered in favor of the Plaintiff.

Finally, the Plaintiff seeks possession of the Equipment that is the subject of the Agreement. The Plaintiff's Complaint includes a petition in detinue for seizure of the Equipment. Under Virginia law, action for "detinue" lies when party unlawfully withholds personal property of another. *SecureInfo Corp. v. Telos Corp.*, 387 F.Supp.2d 593, 620 (E.D.Va. 2005). "The object of a detinue action is to recover specific personal property and damages for its detention." *Broad Street Auto Sales, Inc. v. Baxter*, 334 S.E.2d 293, 294 (Va. 1985). In order to maintain an action in detinue, the plaintiff must show: (1) a right of property in the personal property to be recovered; (2) a right of immediate possession; (3) that the property is capable of identification and immediate possession; (4) the property has some value; and (5) that the defendant had possession at some time prior to the commencement of the action. *See Vicars v. Atlantic Discount Company,* 205 Va. 934, 938 (1965).

The Agreement in this case is a lease, rather than a sale, so that Pentech retained a right

of property in the Equipment. The Agreement states that "Lessor is the owner of the Equipment for all purposes." The Agreement further gives the Plaintiff the right to repossess the Equipment in the event of the Defendants' default. The Plaintiff demanded return of the Equipment by letter, but the Defendants have not returned the Equipment. The Plaintiff's affidavit also states that Old Dominion currently has possession of the Equipment, and that the fair market value of the Equipment is $31,500.00. Accordingly, the Plaintiff has shown that it has a right of property and immediate possession in the Equipment, that the Equipment has value, is identifiable, and capable of immediate possession, and that Old Dominion had possession of it prior to the commencement of this action. The Plaintiff's petition in detinue will therefore be granted.

In conclusion, default judgment will be entered in favor of the Plaintiff in an amount of $78,036.96, plus post-judgment interest accruing at the legal rate. The Plaintiff will also be awarded $4,070.50 in attorneys' fees, and $619.15 in costs. The Clerk of the Court will be directed to issue a writ of possession, which will direct the U.S. Marshal to seize the Equipment and deliver the same to the Plaintiff. An appropriate Order will follow.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and accompanying Order to all counsel of record and to the Defendants.

ENTERED: This 30th Day of June, 2009.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE